UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH CUMMINGS,<br><br>Defendant. | NOS. CR-03-022-RHW<br>CV-08-145-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Before the Court is Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 354).

On June 24, 2005, a jury acquitted Defendant of Unauthorized Retention of Documents Relating to the National Defense of the United States, Delivery and Attempt to Cause Delivery of Documents Relating to the National Defense of the United States, and Disclosure of Classified Information. The jury convicted Defendant of Making a False Statement. On October 3, 2005, Defendant was sentenced to 40 months imprisonment, three years supervised release, and $100 special penalty assessment.

Defendant appealed her conviction and sentence. On September 10, 2007, the Ninth Circuit Court of Appeals affirmed her conviction, ruling there was sufficient evidence to support her conviction, and upholding the district court's imposition of a 40-month sentence as reasonable. The Circuit did not address Defendant's ineffective assistance of counsel claim.

On May 14, 2008, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by A Person in Federal Custody. In her motion, she

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** ~ 1

asserted two grounds for relief: (1) Ineffective Assistance of Counsel; and (2) Denial of Right to Testify.

On November 17, 2008, the Court dismissed Defendant's claim of ineffective assistance of counsel, but ordered the Government to respond to Defendant's claim that she was denied her constitutional right to testify at trial. A hearing on this claim on was held on June 15, 2009. Defendant was present and represented by Richard Wall. The Government was represented by Earl Hicks.

## DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was not authorized by law; or (4) issues of collateral attack.

"[A] defendant in a criminal case has the right to take the witness stand and testify in his or her own defense." *Rock v. Arkansas*, 483 U.S. 44, 51 (1987); *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993). The right is personal, and "may only be relinquished by the defendant, and the defendant's relinquishment of the right must be knowing and intentional." *Joelson*, 7 F.3d at 177. "[W]aiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so." *Id*. A defendant who wants to reject his attorney's advice and take the stand may do so "by insisting on testifying, speaking to the court, or discharging his lawyer." *Id.* When a defendant remains "silent in the face of his attorney's decision not to call him as a witness," he waives the right to testify. *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir. 1993). The court has no duty to advise the defendant of her right to testify, nor is the court required to ensure that an on-the-record wavier has occurred. *Id.*

A claim by defendant that his counsel unfairly denied him the right to testify is analyzed under the ineffective assistance of counsel standard of *Strickland v.*

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 2**

*Washington*[1]. *Medley v. Runnels*, 506 F.3d 857, 861 (9th Cir. 2007). Under this standard, the defendant must show: (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.

At the hearing, Defendant took the stand and testified that it was her intention to testify at the trial. Christian Phelps and Jennifer Fassbender also testified. They both testified that Defendant was aware of her right to testify, but that whether Defendant was going to testify at trial changed from day to day. Mr. Phelps recommended that Defendant not testify. Even so, Mr. Phelps testified that he prepared for trial not knowing one day to the next whether Defendant was going to testify.

Mr. Phelps also testified that he did not threaten her or coerce her into not testifying. The Court credits Mr. Phelps and Ms. Fassbender's testimony that Defendant did not unequivocally express her intent to testify during the trial and that Defendant was not threatened or coerced into not testifying during the trial.

During the trial, Defendant's counsel made the following statement:

> Judge, Ms. Cummings may or may not testify in this case. And I need to have it on the record that its' clear to her that that decision is hers and hers alone. It's been my recommendation to her that she not testify. But I do have some reservations that part of her decision may be based on whether or not I call Dr. Mays. So I need the record to be clear that that decision for her to testify is her decision and not mine.

Following this colloquy, Defendant did not address the Court or indicate in any way that she wished to testify or that Mr. Phelps was not permitting her to testify against her wishes. The Court finds that Defendant knowingly and intelligently waived her right to testify at trial. *See Nohara*, 3 F.3d at 1244. It is clear that throughout the trial, the issue of whether Defendant would testify was discussed between Defendant and her counsel on almost a daily basis. And, based on Defendant's counsel's statement, it is clear that it was Defendant's own decision not to testify. This is not the

---

[1] 466 U.S. 668(1984).

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 3**

case where Defendant's counsel failed to inform her of her right to testify.

During closing arguments Defendant stood up, interrupted her counsel, and told the Court that she told her counsel earlier that she would like to testify. The Court indicated that it would permit Defendant the opportunity to discuss her concerns with the Court after closing arguments were concluded. After the jury was excused to deliberate, the Court engaged in a colloquy with Defendant. At no time during the conversation with the Court did Defendant indicate that she wished to re-open the evidence to permit her testimony. Rather, Defendant complained about the defense strategy.

Defendant stated the following:

> Well, the demeanor of it all was not a plot against— once I met Pam—of course, she was married to Rafael at the same time I was. And once we met, it's portrayed as through we were plotting against Rafael, because we were two wives that came together—you know–that happened to meet. And it wasn't that way at all, actually. There was a lot of—Pam was very helpful to me to understanding certain things up to that point. But it was never a plot against Rafael. I mean, I've told Chris before. Don't use this bad wife/bad wife or bad wife–wife/good wife syndrome against Rafael, because it's not true at all. There was never an issue of talking about documents or plotting against him. It was just ironic that we both came together and we both had the same husband. There's a lot of stimulation with that. But it wasn't–for me–it's hard for me to swallow that it would be portrayed as something ugly and plotting against Rafael. I mean, it wasn't that way at all. And—

The Court cautioned Defendant that the case could be tried again and anything she was saying could be used by the Government, and indicated that it did not think that Defendant should say any more. Defendant then agreed and did not make any further statements.

It was clear that Defendant's concern was not that she was not permitted to testify. Rather, Defendant was not happy with the defense strategy. During this time, if Defendant had wanted to testify, she had ample opportunity to indicate to the Court that she intended to exercise her right to testify. Her failure to do so leads the Court to conclude that she continued to waiver her right to testify.

At the evidentiary hearing, Defendant argued that she has a constitutional right to

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 4**

assert her right to testify after the evidence has been admitted, but before the case is given to the jury, if she disagrees with the closing statements that were being presented to the jury. The Court permitted Defendant to submit additional briefing regarding this question.

In her additional briefing, Defendant cited to cases in which courts have held that counsel should discuss with defendant the strategic implications of choosing whether to testify, and argued that a defendant cannot make a knowing and intelligent decision not to testify if she does not have an understanding of the consequences of the decision or she was incorrectly advised regarding that inadmissible evidence would be admitted if the defendant chose to testify.[2] These cases, however, do not address the issue that must be decided in this case—namely, whether a defendant, who waived her right to testify during the presentation of the evidence, can reassert her right if she disagrees with her counsel's presentation of the closing arguments.

In *United States v. Pino-Noriega*, the Ninth Circuit upheld the district court's refusal to reopen the evidence and allow the defendant to testify after the jury had reached a verdict, but before that verdict was announced. 189 F.3d 1089, 1094 (9th Cir. 1999). In that case, Defendant was dissatisfied with the way the trial was conducted by his attorney and had decided that he wanted to testify in his own defense. *Id.* The Circuit concluded that while the right to testify in one's own defense is fundamental, that right may be trumped by other legitimate interests in the criminal trial process, so long as any restrictions on the right to testify are not "arbitrary or disproportionate to the purposes they are designed to serve." *Id.* at 1095 (*citing Rock*, 483 U.S. at 55).

In so ruling, the Circuit reasoned that a defendant who abided by his lawyer's advise to not take the stand should not be permitted to invalidate the trial because he did

---

[2] Here, the Court finds that during trial preparation, Defendant was adequately informed of the consequences of her decision to testify and that her counsel discussed the strategic implications of choosing whether to testify.

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 5**

not like the outcome of the conviction. "Allowing a defendant to have two trials, one based on his lawyer's strategy (where the defendant does not testify) and one based on his own strategy (where the defendant does testify) does not promote fairness, justice, or order, and preventing this type of situation from arising is clearly a 'legitimate interest [] in the criminal trial process." *Id.* at 1096 (citations omitted). The Circuit reserved ruling on when exactly during the trial it would become too late for a defendant to assert his right to testify, but specifically cited to an Eighth Circuit opinion in which that Circuit upheld the district court's decision not to allow the defendant to testify who waited until after the close of the evidence-taking stage of the trial to assert his right to testify. *Id.* at 1096 (*citing United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989).

The Court finds that to the extent Defendant intended to invoke her right to testify when she stood up during closing argument, she asserted her right too late, regardless of her dissatisfaction with her counsel's closing arguments. To permit Defendant to reopen the evidence after closing arguments would have detrimentally affected the fairness and legitimacy of the trial. Requiring a defendant to exercise her right to testify prior to the close of evidence is not "arbitrary or disproportionate to the purposes [it is] designed to serve." *See Rock*, 483 U.S. at 57.

Moreover, even if the Court were to conclude that Defendant's counsel's performance was deficient, in either the manner and substance of his closing arguments (which it was not), or that he failed to permit Defendant to testify after she stood up during the closing argument, Defendant has not shown how she was prejudiced. As discussed before, the decision by Defendant's counsel to attack Defendant's credibility was a reasonable trial strategy in light of the evidence that was presented to the jury. Furthermore, Defendant's counsel testified that had Defendant taken the stand, he would have been compelled to call Dr. Mays to the stand. Defendant was against this. Defendant's constitutional right to testify was not violated to the extent Defendant decided to not testify because Dr. Mays may have taken the stand. Her counsel

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 6**

believed that it would be necessary for Dr. Mays to place Defendant's testimony in context. There is nothing unreasonable about this strategy.

Finally, the Court finds that even if Defendant had testified, it would not have changed the outcome of the trial. At the colloquy with Defendant after she stood up and spoke out during closing arguments, Defendant indicated that she was not happy with the defense strategy and that she believed her co-Defendant was guilty. However, the evidence presented at trial did not support a finding of guilt on the espionage charges nor did the jury so find either Defendant or her co-Defendant guilty on the espionage charges. And for the jury to come to this conclusion it had to find that Defendant was lying to the FBI. Defendant cannot credibly argue that she intended to get on the stand and tell the jury that she had, in fact, sent classified information to an attorney who had connections to the Aryan Nations, when the hard evidence did not support such a conclusion. If she had, and the jury believed her, she would have been convicted of the espionage charges. In addition, Defendant's counsel testified that Defendant indicated that if she took the stand, she wanted to testify as to her relationship with her co-Defendant.[3] The Court had previously ruled that statements regarding the relationship between Defendant and her co-Defendant would not be admitted.

In sum, the Court finds that Defendant was adequately informed of her right to testify and she knowingly waived that right when she did not take the stand during the presentation of the evidence. Moreover, the Court finds that Defendant continued to waive her right to testify after the close of evidence, notwithstanding the statement she made during closing arguments. To the extent her statement that she had told her counsel earlier that she wanted to testify is interpreted as an unequivocal request to testify, her request was made too late in the proceedings. Finally, Defendant has failed to establish the necessary prejudice to succeed on her claim.

---

[3] This rings true, given the nature and scope of the statements Defendant made to the Court after the jury had been excused to deliberate.

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 7**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 354) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and to furnish copies to counsel.

**DATED** this 8th day of July, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2003\Davila-Cummings\deny.habeas.wpd

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 8**