Case 2:03-cr-00022-RHW    Document 383    Filed 09/08/09

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEBORAH CUMMINGS,<br><br>    Defendant. | NOS.  CR-03-022-RHW<br>         CV-08-145-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court is Defendant's Motion for Reconsideration (Ct. Rec. 381). On July 8, 2009, the Court entered an order denying Defendant's § 2255 petition (Ct. Rec. 380). In the order, the Court concluded that to the extent Defendant intended to invoke her right to testify when she stood up during closing arguments, she asserted her right too late. Additionally, the Court concluded that Defendant has not shown how she was prejudiced to the extent her counsel's performance was deficient and concluded that even if Defendant had testified, it would not have changed the outcome of the trial. The Court found that Defendant was adequately informed of her right to testify and that she knowingly waived that right when she did not take the stand during the presentation of the evidence.

Defendant now moves the Court to reconsider the Order, asserting that the Court completely misconstrued the argument raised by Defendant. Defendant argues that she was denied her right to testify because she was not adequately informed of the consequences of not testifying.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence,

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1**

committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). It is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* A motion under Rule 59(e) "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

Here, Defendant is asserting that the Court committed clear error. However, in ruling on Defendant's petition, the Court carefully considered the arguments presented in the briefing and at the hearing. It does not find any basis to reconsider its decision.

The record supports a finding that Defendant knowingly waived her right to testify. By the end of the trial, and before the close of the evidence, it was clear the direction that Defendant's counsel was taking. It was also evident from the beginning when he made his opening statement. Defendant sat through the entire trial. Yet, at the time when her counsel put on the record that Defendant was waiving her constitutional right to testify, Defendant did not say anything to the Court. Defendant was not unaware of the consequences of her not testifying. On the contrary, the record demonstrates that Defendant had ample opportunity to assert her right throughout the trial and that she had ample opportunity to understand the implications of her not testifying. There was clear strategic reasons for not having Defendant testify, but at the end of the day, it was Defendant's decision and hers alone. That much is clear.

Finally, Defendant has not given the Court any indication as to the substance of her testimony. The Court is firm in its conviction that even if Defendant had testified, it would not have changed the outcome of the trial, except perhaps to expose Defendant to the possibility of a conviction on the espionage charges.

///
///
///

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 2**

1  Accordingly, **IT IS HEREBY ORDERED**:

2  1.  Defendant's Motion for Reconsideration (Ct. Rec. 381) is **DENIED**.

3  **IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter

4  this order and to furnish copies to counsel.

5  **DATED** this 8th day of September, 2009.

6  *S/ Robert H. Whaley*

7  ROBERT H. WHALEY
United States District Judge

10  Q:\CRIMINAL\2003\Davila-Cummings\denyreconsider.wpd

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 3**